IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  1:20-cr-00561-DAR-15 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | ORDER RE: SUPERVISED |
| | ) | RELEASE VIOLATION HEARING |
| TIFFANY BOGGS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter was before this Court on June 8, 2026, for a Final Hearing regarding Revocation of Supervised Release, upon request of the probation office for a finding that the Defendant violated the conditions of supervised release. The Defendant was present and represented by Assistant Federal Public Defender Justin J. Roberts.  Assistant U.S. Attorney Vasile Katsaros present on behalf of the Government. U.S. Probation Officer Brook Clark was present on behalf of U.S. Pretrial Services and Probation.

Petitions were presented for action of the Court for cause as referenced in the April 23, 2026 Violation Report. Previously, Defendant appeared for a Supervised Release Violation hearing held by Magistrate Judge James E. Grimes, Jr. on May 22, 2026, at which time the Defendant knowingly, intelligently, and voluntarily admitted to the five alleged supervised release violations: 1) Illicit Drug Use, 2) Failure to Comply with Random Drug Testing, 3) Treatment Noncompliance, 4) Treatment Noncompliance and 5) Violation of Standard Condition #8. Defendant also waived her right to a probable cause hearing and detention hearing. Magistrate Judge James E. Grimes issued a Report and Recommendation on May 22, 2026, recommending that the Court find Defendant

knowingly, intelligently, and voluntarily admitted to the above five violations. No party filed an objection to the Report and Recommendation.

During the June 8th hearing, the Court heard from counsel and Ms. Boggs, found good cause to adopt the Magistrate Judge's Report and Recommendation, and as explained on the record concluded that the Defendant committed the five violations of the terms and conditions of supervised release. For the reasons set forth on the record, the Court revoked supervised release after considering the parties' positions, the record, the pertinent factors set forth in 18 U.S.C. §3553(a), and the Advisory Sentencing Guidelines and Policy Statements in Chapter 7. The Court sentenced the Defendant to 9 months custody of the Bureau of Prisons with credit for time served since her arrest for supervised release violations in this matter, followed by a term of 18 months supervised release. The Court ordered all previously ordered mandatory, standard and special conditions of supervised release remain in effect, and the Court ordered the additional following special conditions:

1.) Reentry Center.    You shall successfully complete 120 days at the residential reentry center. You shall obey all rules and regulations of the facility. Additionally, the subsistence fee shall be waived; and

2.) Sober Living.  Upon completion of the residential reentry center, you shall enter and successfully complete 120 days at a sober living facility approved by the probation officer. You shall obey all rules and regulations of the facility.

The Court advised Defendant of her appeal rights and remanded her to custody of the U.S. Marshal.

IT IS SO ORDERED.

Date: June 11, 2026                                    /s/ *David A. Ruiz*
                                                      David A. Ruiz
                                                      United States District Judge